IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 2 5 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| LUIS ANTONIO DIAZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:09-CV-719-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Luis Antonio Diaz, a state prisoner currently incarcerated in Lamesa, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time barred.

### I. PROCEDURAL HISTORY

The state court records and documentary evidence presented by the parties reflect that petitioner is serving a 20-year sentence and an 8-year sentence, respectively, on his 1991 convictions for

indecency with a child and possession of a controlled substance in the Criminal District Court Number Three of Tarrant County, Texas. Petitioner was initially released on parole on April 23, 1993. As summarized by counsel for respondent:

> Since April 23, 1993, [petitioner] has been released on parole and returned to TDCJ custody multiple times. During his periods of parole supervision, [petitioner] spent time confined to several holding facilities pursuant to a federal INS Detainer, where he remained on supervision. Most recently, [petitioner] returned to TDCJ custody on January 5, 2007, in violation of parole and with a new charge of failing to register as a sex offender. At time of readmission, [petitioner] had been on parole for 12 years, 7 months, and 22 days. However, as a result of his return to TDCJ custody, [petitioner] forfeited his prior earned good time. Additionally, as a result of his offense for indecency with a child, [petitioner] was not eligible for street time. (Resp't Answer at 2 (citations to the record omitted))

In this petition, petitioner claims he is entitled to additional flat time credits toward his sentence for the time he spent on parole and mandatory supervision, including time he was confined in a federal immigration facility. (Petition at 7 & attachment) Petitioner sought time credit dispute resolution through TDCJ's administrative process and state habeas relief, to no avail. The relevant prison administrative remedy was pending from March 12, 2007, through August 10, 2007,[1] or 151 days, and the

---

[1] Petitioner asserts he filed his Time Resolution Dispute Form on March 2, 2007, however the record reflects the form was received

2

state habeas action was pending from June 24, 2008, through September 16, 2009, or 450 days. (Resp't Answer, Exh. B) *Ex parte Diaz*, Application No. WR-70,247-01; TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004). Petitioner filed this federal habeas petition in the Dallas Division on November 23, 2009, and the case was subsequently transferred to this division by order dated December 4, 2009. Respondent contends that the petition is time-barred or, in the alternative, that petitioner is not entitled to additional flat time credits.

## II. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, the provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant

---

by TDCJ on March 12, 2007.

>was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, petitioner should have discovered the factual predicate of his claim at the latest on January 30, 2007. Petitioner received a time slip from TDCJ on January 9, 2007, reflecting flat time served as 12 years, 2 months and 19 days. (Pet'r Memo, Exh. E) On January 30, 2007, he received a corrected time slip from TDCJ reflecting flat time served as 3 years and 10 days.[2] (Pet'r Memorandum in Support, Exh.

---

[2] Petitioner was informed by the State Counsel for Offenders on June 28, 2007, that he was given additional flat time credit in error for the time he served in a federal immigration facility while on parole for Texas. (State Habeas R. at 29)

4

D) *See Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008); *Tweedy v. Dretke*, No. 4:03-0520-A, 2003 WL 22724659, at *3 (N.D.Tex. Sept. 15, 2003) (not designated for publication); *Broadnax v. Dretke*, No. 4:03-CV-0524-A, 2003 WL 22244681, at *2 (N.D.Tex. Sept. 17, 2003) (not designated for publication); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits). Thus, the federal statute of limitations began on that date and expired one year later on January 30, 2008, subject to any applicable tolling.

This court is of the opinion that the limitations period was tolled during the pendency of the prison's time credit dispute resolution process, or 151 days. *Hunter v. Quarterman*, No. 4:06-CV-342-A, 2006 WL 2914162 at *2, 5 (N.D. Tex. Oct. 11, 2006). Further, the limitations period was tolled for 450 days while petitioner's state habeas application was pending, thereby extending the filing deadline for a federal petition by 601 days, or until September 24, 2009.[3]

---

[3] It does not appear additional tolling as a matter of equity would be appropriate in this case. Petitioner does not raise the issue nor does he assert a valid justification for his failure to timely file his federal habeas corpus petition, and the record reveals none. Thus, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and

5

Petitioner's federal petition was due on or before September 24, 2009. Therefore, his petition filed on November 23, 2009, is time barred.

The court ORDERS that respondent's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. The court further ORDERS all pending motions not previously ruled upon are denied as moot.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED March 25, 2010.

JOHN McBRYDE
United States District Judge

---

exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

6